IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRAWFISH & NOODLES LLC,<br><br>                      Plaintiff,<br>v.<br><br>A1 CRAWFISH & NOODLE HOUSE LLC,<br><br>                      Defendant. | Case No. _____<br><br>Jury Demanded |

## ORIGINAL COMPLAINT

Plaintiff Crawfish & Noodles, LLC ("Crawfish & Noodles") brings this action against Defendant A1 Crawfish & Noodle House LLC ("Defendant") under federal and Texas state law based on Defendant's unfair competition and infringement of Plaintiff's common-law and federally registered service mark and Plaintiff's trade name.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Crawfish & Noodles LLC is a Texas limited liability company, having a principal place of business at its Bellaire Boulevard location in Houston, Texas.

2. Defendant A1 Crawfish & Noodle House LLC is a Texas limited liability company with a registered address at 7631 Tiburon Trl, Sugar Land Texas 77479. Defendant can be served through its registered agent, Paris H. Ji at 7631 Tiburon Trl, Sugar Land, Texas 77479. Defendant can also be served through the Texas Secretary of State.

1

3. This action alleges violations of federal law, namely: unfair competition and infringement of marks and trade names that are protectable under the Federal Lanham Act, Title 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"), including at least one federally registered service mark. Accordingly, this Court has original subject matter jurisdiction over the federal law claims under the Lanham Act, 28 U.S.C. § 1338 (federal jurisdiction over trademarks and unfair competition), and 28 U.S.C. § 1331 (federal question).

4. This action also alleges violations of Texas state law, namely, service mark and trade name infringement under the Texas common law, and the Texas state law claims share a common nucleus of operative facts with the federal law claims. Accordingly, this Court has supplemental subject matter jurisdiction over the Texas state law claims under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant. Defendant is a Texas limited liability company with a principal place of business in Houston, Texas. Further, as set forth below, Defendant has been engaged in doing business in Texas and in this Judicial District, including committing torts (e.g., acts of infringement) in whole or in part in this Judicial District and in Texas.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (d) because Defendant is subject to this Court's personal jurisdiction with respect to this civil action and Defendant's contacts with this Judicial District are sufficient to subject Defendant to the Court's personal jurisdiction within this Judicial District.

## BACKGROUND FACTS

7. Chef Trong Nguyen pioneered Viet-Cajun Cuisine when he opened his restaurant, named Crawfish & Noodles, in Houston, Texas, and in 2008 formed a limited liability company which he named Crawfish & Noodles LLC. Since then, Plaintiff Crawfish & Noodles, LLC has continuously provided its unique, Viet-Cajun style restaurant services from its Bellaire Boulevard location under the CRAWFISH & NOODLES service mark and trade name.

8. Since its opening, the Crawfish & Noodles restaurant has become known nationally and internationally as a pioneer of Viet-Cajun food. As early as 2011, Crawfish & Noodles was featured in numerous publications, including *The New York Times, Bon Appétit, The Houston Chronicle, Hemisphere Magazine, Houstonia, Eater, Thrillist,* and *Culture Map*.

9. Crawfish & Noodles has also been featured on numerous national and international television shows including Travel Channel's *Bizarre Foods Americas*, nationally televised *Raw Travel*, Netflix's *Ugly Delicious*, TRVL Channel's *The Zimmern List*, and Food Network Canada's *Big Food Bucket List*. In the 2017 *Raw Travel* episode featuring Crawfish & Noodles, host Robert Rose deemed, "Crawfish & Noodles- A pioneering Viet-Cajun spot."

10. Crawfish & Noodles has also appeared on many popular web video publications including those produced by *Bon Appétit, ZAGAT, Voice of America News,* and *Eater*. Additionally, an *ABC13* piece entitled, *Crawfish & Noodles: Bringing Vietnamese and Cajun flavors together*, described Crawfish & Noodles as an essential part

of the Viet-Cajun cuisine's birth and upbringing, writing "Crawfish & Noodles, an Asiatown staple since 2008, is known for sparking the unprecedented trend."

11. Crawfish & Noodles and Chef Nguyen have also received wide recognition in the restaurant industry in connection with the mark and name CRAWFISH & NOODLES. For example, in the years 2012, 2013, 2015, 2017, 2018, and 2019, Crawfish & Noodles has been listed as a top 100 Houstonian restaurant, in *The Houston Chronicle*'s annually published *Allison Cook's Top 100 in Houston*.

12. Chef Nguyen himself has been named by the prestigious James Beard Foundation in New York as a semifinalist for Best Chef in the Southwest in 2018 and 2019, and finalist for Best Chef in Texas in 2020. As a result of this publicity and recognition, people regularly come from outside the city, state, and country to dine at Crawfish & Noodles.

13. Plaintiff's CRAWFISH & NOODLES mark is inherently distinctive and eligible for protection under both the federal Lanham Act and Texas common law. Moreover, Plaintiff's CRAWFISH & NOODLES mark has acquired distinctiveness and is eligible for protection on that basis as well.

14. Plaintiff is and has been using its mark and trade name in commerce in accordance with the Lanham Act and federal law and has developed common law rights in connection with that mark and name. Furthermore, Plaintiff has registered its CRAWFISH & NOODLES service mark with the United States Patent and Trademark Office, Reg. Certificate No. 6,064,219 (the "Registered Mark"). A true and correct copy of that registration certificate is attached hereto as Exhibit A.

15. Defendant is and has been infringing Plaintiff's common law and federally registered mark in violation of the federal Lanham Act and Texas common law. In late 2017, nearly a decade after Crawfish & Noodles opened its doors, Defendant opened a Viet-Cajun food restaurant using several infringing and nearly identical marks and trade names, including: "King Crawfish & Noodles," "King Crawfish & Noodle House", "King Crawfish Noodle House," and "A1 Crawfish & Noodle House LLC" ("Infringing Marks" or "Defendant's Marks"). Defendant's "King Crawfish & Noodle House" restaurant is located in the Houston, Texas area, in Cypress, on Fry Road. Also, Defendant is currently advertising Defendant's Marks on its website, www.kingcrawfishnoodle.com, and also on Tripadvisor®.

16. Defendant's uses of Defendant's Marks have created a likelihood of confusion with Plaintiff's CRAWFISH & NOODLES mark and trade name ("Plaintiff's Mark"). Instances of actual confusion have already occurred—for example, multiple customers have told Chef Nguyen that they have visited his "other location," referring to Defendant's restaurant.

17. On information and belief, Defendant intended to benefit from Plaintiff's reputation by adopting and using Defendant's Marks, and by creating an association between Defendant and Plaintiff in the minds of consumers. Defendant has knowingly and willfully used names and marks and advertising that have created a likelihood of confusion with Plaintiff's Marks, and thus violated Plaintiff's common-law and registered rights in the CRAWFISH & NOODLES Mark. Defendant has persisted in its knowing and willful uses of the Infringing Marks even after receiving objections from the Plaintiff. After

receiving Plaintiff's initial request to cease and desist, Defendant refused to take any action. At the time of the filing of this legal action, Defendant's website states that due to renovations, its store is "temporarily closed." However, Defendant has continued to advertise its Infringing Marks. Further, Defendant has asserted in at least one social media posting that it plans to re-open in the near future.

18. Plaintiff has been advertising its services using the CRAWFISH & NOODLES Mark for over 14 years. Plaintiff has invested substantial time, energy, and money into associating the Plaintiff's services with the CRAWFISH & NOODLES Mark. Plaintiff's Mark represents goodwill associated with the Plaintiff. Accordingly, Defendant's continued use of the Infringing Marks in conjunction with Defendant's own, inferior, restaurant services has and/or is likely to damage Plaintiff's reputation and goodwill; and Plaintiff has no adequate remedy at law.

## CAUSES OF ACTION

### COUNT I
### (Infringement of Registered Mark under the Lanham Act, 15 U.S.C § 1114)

19. The allegations set forth above in paragraphs 1-18 are hereby repeated and incorporated by reference as if set forth expressly herein.

20. Plaintiff began using the Registered Mark CRAWFISH & NOODLES in connection with its restaurant services over a decade before Defendant first adopted and began using Defendant's Marks and Plaintiff is the "senior user" relative to any use by Defendant of Defendant's Marks. None of Defendant's activities with respect to Defendant's Marks, including those described above, have ever been authorized by

Plaintiff. Those activities create a likelihood of confusion and constitute infringement of Plaintiff's Registered Mark.

21. By using and continuing to use Defendant's Marks in connection with its services, Defendant has created a likelihood of confusion, mistake, and/or deception among relevant consumers regarding source, sponsorship, and/or affiliation of the services offered and/or provided by Defendant. For example, Defendant's activities and uses of Defendant's Marks are likely to lead the public to falsely conclude that the services offered by Defendant are authorized by or otherwise connected with the Plaintiff.

22. Defendant's actions complained of above constitute infringement of Plaintiff's Registered Mark.

23. On information and belief, Defendant selected and began using Defendant's Marks with full knowledge of Plaintiff's Registered Mark and the services offered by Plaintiff in connection with that Mark and has continued using the Defendant's Marks with that knowledge. Defendant has willfully and deliberately traded on the goodwill created by Plaintiff and has adopted and been using the Defendant's Marks in bad faith and with an intent to benefit from Plaintiff's Mark. Defendant has at the very least, acted with willful blindness to, or in reckless disregard of, its lack of authority to use marks that are confusingly similar to the Plaintiff's Registered Mark, and such uses are likely to confuse consumers as to the source, sponsorship, affiliation and/or approval of Plaintiff.

24. As a result of the Defendant's wrongful conduct, Plaintiff is entitled to recover its actual damages, Defendant's profits attributable to infringement, and damages and attorney fees pursuant to 15 U.S.C. § 1117 (a).

25. Plaintiff is also entitled to a preliminary and permanent injunction. Plaintiff has no adequate remedy at law for Defendant's wrongful use of the Infringing Marks. Defendant's infringement constitutes harm to Plaintiff's reputation and goodwill that cannot be fully repaired by a monetary award alone, and unless enjoined by the Court, Defendant's ongoing conduct is likely to continue creating a likelihood of confusion.

## COUNT II
### (Infringement under the Lanham Act, 15 U.S.C § 1125)

26. The allegations set forth above in each and all of the preceding paragraphs are hereby repeated and incorporated by reference as if set forth expressly herein.

27. As set forth above, Defendant has used, and continues to use, Defendant's Marks, by engaging in activities that create a likelihood of confusion with Plaintiff's CRAWFISH & NOODLES Mark and Trade Name. Defendant's uses of its Infringing Marks in connection with restaurant services, constitute a false designation of the origin, a false and misleading description, and a false and misleading representation that Defendant's services originate from or are otherwise sponsored or authorized by Plaintiff, in violation of 15 U.S.C § 1125(a).

28. Plaintiff is entitled to recover Defendant's profits, Plaintiff's lost profits, and Plaintiff's costs to remedy Defendant's uses of the Infringing Marks, including its attorney's fees and costs to bring and pursue this action.

29. Plaintiff is also entitled to a preliminary and permanent injunction against Defendant as well as its officers and agents. Defendant's uses of any of the Defendant's Marks as well as any other public uses of the term "CRAWFISH & NOODLES" in

connection with restaurant services, has caused and is continuing to cause irreparable injury to Plaintiff. An award of monetary damages will not fully compensate Plaintiff and Plaintiff lacks an adequate remedy at law.

## COUNT III
### (Service Mark and Trade Name Infringement under Texas Common Law)

30. The allegations set forth above in each and all of the preceding paragraphs are hereby repeated and incorporated by reference as if set forth expressly herein.

31. Defendant's acts complained of above have caused—and will continue to cause—a likelihood of confusion in the minds of consumers, and thus constitute service mark and trade name infringement under Texas common law.

32. As a result of Defendant's infringing acts, Plaintiff has suffered and continues to suffer damages, and Plaintiff is entitled compensation for its own damages due to Defendant's infringement.

33. Defendant's acts have been and are still deliberate, willful, reckless, and malicious, entitling Plaintiff to punitive damages.

34. Furthermore, in addition to recovering damages, Plaintiff is entitled to a preliminary and permanent injunction to prevent future actions of infringement by Defendant under Texas common law.

## JURY DEMAND

35. Plaintiff hereby demands this case be tried by a jury on all issues so triable.

## **PRAYER FOR RELIEF**

36. WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

A. Plaintiff owns the Plaintiff's Mark and Trade Name and any other marks that include the words "CRAWFISH & NOODLES" in connection with restaurant services; and Defendant has infringed Plaintiff's rights in such marks under both the federal Lanham Act and Texas common law, and the Court finds the following:

   i. Defendant has committed service mark infringement under 15 U.S.C. § 1114 by Defendant's uses of any or all of the Infringing Marks in connection with its restaurant services, and also in connection with its advertising and other communications with others; and any and all uses by Defendant of the Infringing Marks or similar marks, in connection with its services creates a likelihood of confusion regarding source, sponsorship, or affiliation of the Parties' respective services;

   ii. Defendant has infringed Plaintiff's Texas common law service mark rights.

B. Plaintiff shall be awarded damages caused by Defendant's unlawful acts, and Defendant's profits related to Defendant's infringement, including enhanced and punitive damages, attorney's fees, and costs, including the following:

   i. Plaintiff shall be entitled to recovery of Defendant's profits, all actual or statutory damages to which Plaintiff is entitled, Plaintiff's costs, and Plaintiff's attorney's fees, all as provided pursuant to 15 U.S.C. § 1117 or otherwise allowed by law.

   ii. Plaintiff shall be awarded all damages suffered by Plaintiff as a result of Defendant's infringement of Plaintiff's common law Mark and Trade Name and all the profits of Defendant attributable to such infringement.

   iii. Plaintiff shall be awarded all damages suffered by Plaintiff as a result of Defendant's unfair competition and all the profits of Defendant related to such unfair competition.

   iv. Defendant's acts of infringement under Texas common law have been deliberate, willful, reckless, and malicious, and Plaintiff is entitled to an award of enhanced damages and attorney's fees related thereto.

C. It shall be ordered that Defendant and each of its affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons acting in concert or participation with Defendant be preliminarily and permanently enjoined from: carrying out any of the aforementioned acts for which Defendant has been found liable, including any use of any of Defendant's Marks, alone or in combination with other words; engaging in unfair competition; committing any acts likely to cause the public to believe that any of Defendant's uses of its Infringing Marks, with respect to any of Defendant's services, or business operations, are authorized by or related to Plaintiff; and from attempting, causing, or assisting any of the above-described acts.

D. Defendants shall be ordered to pay Plaintiff pre-judgment interest on all amounts awarded and post-judgment interest until paid at the highest lawful rate.

E.  Plaintiff shall be awarded such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

Date: July 27, 2022

**ELLIOTT LAW PLLC**

/s/ Douglas H. Elliott
Douglas H. Elliott
Attorney-In-Charge
Texas Bar No. 06535900
S.D. Texas No. 7830
doug@elliottiplaw.com
Meredith R. Harrison
Texas Bar No. 24084788
merry@elliottiplaw.com
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 485-3560
Facsimile: (832) 485-3511

**ATTORNEYS FOR PLAINTIFF
CRAWFISH & NOODLES LLC**

**OF COUNSEL FOR PLAINTIFF**

Michael S. Spradley
Spradley PLLC
michael@myidealaw.com
Texas State Bar No. 24067881
One Riverway, Suite 1700
Houston, Texas 77056
713-319-8284 (Telephone)